**In re Jorge L. HERNANDEZ, Debtor.**

**No. 99–54270–C.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Feb. 2, 2001.

524

Joseph W. Shulter, San Antonio, TX, for Debtor.

Marion Olson, Jr., San Antonio, TX, trustee.

ORDER GRANTING MOTION TO RECONSIDER ORDER DISMISSING PLEADING FOR LACK OF COMPLIANCE WITH STANDING CHAPTER 13 ORDER

LEIF M. CLARK, Bankruptcy Judge.

CAME ON for consideration the foregoing matter. The court grants the debtor's motion for reconsideration, but writes solely to explain that the clerk of court did *not* err in calculating the deadline for filing a Motion to Modify Plan in Response to Trustee's Motion to Dismiss. The court grants the debtor's motion only in the interests of equity, and because reasonable persons could differ as to the method for calculating the deadline.

The Standing Order Relating to Chapter 13 Procedures provides that motions to modify plans in response to a trustee's motion to dismiss are to be filed not less than 25 days prior to the scheduled hearing on the trustee's motion to dismiss. Debtor calculated this time by *including* the date of the hearing as one of the counted days, along with the date of the filing. The clerk of court calculates the deadline by *not* counting the day of the hearing. The clerk's method is correct. If the deadline were not less than 1 day prior to the scheduled hearing, then the deadline would be the day before the hearing—*not* the day of the hearing. Thus, one starts the count with the day before the hearing, and counts backward to arrive at the correct deadline.

The debtor's error was understandable—the lawyer counted forward to the date of the hearing. That would be how one would calculate the number of days of *notice* required for a given matter. The day of the hearing would count as the last day of the count. The Standing Order, however, uses the terminology "prior to" the scheduled hearing, so the hearing day is *not* counted.

Based on the foregoing, the clerk of court was correct in submitting the debtor's pleading for dismissal for lack of compliance with the standing order. In the interests of justice, however, this motion to reconsider (and three others like it) will be granted.

So ORDERED.